# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2010

No. 09-20850
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL DE JESUS PEREZ ALVAREZ, also known as Manuel Jesus Perez,
also known as Manuel Perez, also known as Manuel De Jesus Perez-Alvarez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-380-1

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Manuel de Jesus Perez Alvarez appeals the 48-month sentence imposed following his conviction for illegal reentry. Alvarez argues that the sentence was procedurally unreasonable because the district court did not adequately explain its reasons for the sentence. He also contends that his sentence was substantively unreasonable because it overstates the seriousness of his offense, which he characterizes as "an international trespass." Alvarez further contends

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he had good motives for reentering to the United States, because he returned to see his mother and his child. He also argues that the district court's sentence did not take into account his personal history and characteristics.

Because Alvarez did not object to his sentence, this court's review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). To demonstrate plain error, Alvarez must show an error that is clear or obvious and that affects his substantial rights. See *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008). If Alvarez makes such a showing, this court will correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

This court recognizes three different types of sentences: (1) a within-guidelines sentence, (2) an upward or downward departure under the Guidelines, and (3) a non-Guidelines sentence or "variance" that is outside of the guideline range. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Although the parties' briefs reflect uncertainty as to the type of sentence imposed, the district court's written Statement of Reasons (SOR) makes clear that the district court upwardly departed under U.S.S.G. § 4A1.3(a)(4)(B) based on the inadequacy of Alvarez's criminal history category. The SOR shows that Alvarez was sentenced within the guideline range of 46–51 months that resulted from the upward departure.

The district court thoroughly articulated fact-specific reasons for its sentence that were consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). These reasons included Alvarez's extensive criminal history, his propensity for violence, and the district court's determination that it was necessary to separate Alvarez from society so that he would not cause additional harm. The district court listened to Alvarez's argument that he was a changed person, but it rejected that argument, noting that Alvarez continued to act irresponsibly. Alvarez has not shown plain error in the district court's explanation for its sentence. *See Baker*, 538 F.3d at 332.

Because Alvarez was sentenced within the guideline range, the district court's sentence is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Alvarez has failed to overcome the presumption of reasonableness that attaches to such a sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Nor has Alvarez shown plain error with regard to the issue of the substantive reasonableness of the sentence. *See Baker*, 538 F.3d at 332.

The judgment of the district court is AFFIRMED.